**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Nairelis Alejandrina Nava-Alastre,

Petitioner,

v.

Unknown Party, *et al.*,

Respondents.

No. CV-26-03618-PHX-JJT (MTM)

**ORDER**

Before the Court is the Report and Recommendation (Doc. 12, "R&R") entered in this matter by United States Magistrate Judge Michael T. Morrissey recommending that the Court deny without prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) for failure to exhaust administrative remedies. Petitioner has filed a timely objection to the R&R. (Doc. 13.) The Objection contains six grounds, the first five of which are substantive challenges to her detention and the sixth of which is simply an argument that as a self-represented litigant, Petitioner is entitled to liberal construction of her arguments and an opportunity to clarify her claims. The Court will overrule the objections, adopt the R&R and deny the Petition without prejudice.

Petitioner previously sought habeas relief in the form of a bond hearing before an immigration judge ("IJ"). Case No. 26-cv-01245-JJT. She received that relief, but on redetermination the IJ declined to grant bond, concluding that Petitioner had not met her burden to prove she did not present a flight risk. She then filed the instant Petition. Petitioner's first ground raises the argument that *res judicata* or claim preclusion is not a

bar to her pursuing habeas relief in the form of either release or a second. While Respondents raised claim preclusion in their Response, Judge Morrissey's R&R is not based on that argument at all. Indeed, Judge Morrissey never reached the merits argument regarding claim preclusion in Ground 1, nor any of the merits arguments in Grounds 2 through 5 that Petitioner raises. Rather he grounded his recommendation on the threshold issue of Petitioner's failure to exhaust her administrative remedies through appeal to the Board of Immigration Appeals (BIA) of the IJ's bond redetermination ruling. (Doc. 12 at 1, 4-5.) Petitioner does not address in her Objections Judge Morrissey's analysis or his conclusion that exhaustion is required and not excused in this circumstance. The Court in any event agrees with Judge Morrissey's analysis as to the exhaustion requirement, and overrules Petitioner's Objection Grounds 1 through 5 for this reason; it does not reach their merits due to lack of exhaustion.

The Court finds Petitioner's final Ground 6 not cognizable. Petitioner's *pro se* status is not at issue and the Court has not failed to grant liberal construction of her claims in Grounds 1 through 5, nor has it failed to allow her to clarify anything. Rather, Petitioner has not addressed the exhaustion requirement at all in her Objections, and has not provided a reason to excuse the failure to exhaust before invoking habeas relief. Upon exhaustion, should Petitioner wish to pursue habeas, she may do so by filing a petition, but she has not met the exhaustion threshold necessary to do so and has not provided any basis to excuse it. For the above reasons,

**IT IS ORDERED** overruling Petitioner's Objections (Doc. 13) and adopting Judge Morrissey's R&R (Doc. 12).

**IT IS FURTHER ORDERED** denying without prejudice Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Clerk of Court shall terminate this matter.

Dated this 16th day of November, 2026.

Honorable John J. Tuchi
United States District Judge